Craig M. Stainbrook, Calif. State Bar #160876
STAINBROOK & STAINBROOK, LLP
412 Aviation Boulevard, Suite H
Santa Rosa, California 95403
707.578.9333 phone
707.578.3133 fax
Email: craig@northbay-iplaw.com

Warren L. Dranit, Calif. State Bar #160252
Karin P. Beam, Calif. State Bar #112331
SPAULDING MCCULLOUGH & TANSIL, LLP
90 South E Street, Suite 200
Santa Rosa, CA 95404
707.524.1900 phone
707.524.1906 fax
Email: dranit@smlaw.com; beam@smlaw.com

Attorneys for Plaintiff
NEWMATIC SOUND SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEWMATIC SOUND SYSTEMS, INC. (a California corporation),<br><br>Plaintiff<br><br>vs.<br><br>MAGNACOUSTICS, INC. (a New York corporation), WAYNE LEDERER, individually, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. C 10 00129 JSW<br><br>Judge: Jeffrey S. White<br><br>**OPPOSITION TO MOTION TO DISMISS FOR LACK OF ARTICLE III STANDING**<br><br>Date:   March 26, 2010<br>Time:   9:00 a.m.<br>Courtroom: 11<br>Judge:   Hon. Jeffrey S. White |

I. <u>INTRODUCTION</u>

Defendant Magnacoustics Inc. has filed a motion to dismiss this action based on a lack of Article III standing. This motion should be denied for at least four different reasons:

1.  Plaintiff Newmatic Sound Systems ("Newmatic Sound") has filed a First Amended Complaint as a matter of right. The First Amended Complaint adds Wayne Lederer as a named

party, thus correcting the deficiency asserted by Magnacoustics in its motion (a deficiency which Newmatic Sound wholly denies).

2. The original complaint does meet the Article III requirements for an action filed under the Declaratory Judgment Act.

3. If the original complaint is deficient because it fails to name the patent owner, Newmatic Sound has a right to amend its complaint to add the appropriate patentee.

4. Public policy and equity should preclude Magnacoustics from taking advantage of its own errors by seeking a dismissal; Magnacoustics itself created the error which forms the basis of its motion. Magnacoustics, through its attorneys of record, expressly stated that Magnacoustics is the owner of the '844 patent and plaintiff Newmatic Sound relied on that representation in preparing its complaint for declaratory relief.

## II. BACKGROUND[1]

Defendant Lederer is the purported inventor of the technology described in United States Patent No. 7,609,844, entitled "Noise Attenuating Headset" (the '844 patent). He is also the CEO of Magnacoustics, Inc. Newmatic Sound is informed and believes that Lederer is the controlling shareholder of Magnacoustics and that Magnacoustics is the only entity authorized to practice the technology described in the '844 patent.

Plaintiff Newmatic Sound is a small, family owned business located in Petaluma, California. Since 1986, Newmatic Sound has been a source for MRI compatible, non-ferrous medical supplies. MRI compatible products must be non-ferrous so as not to interfere with the MRI imaging procedure. Among the broad range of products offered by Newmatic Sound are headsets worn by patients while undergoing an MRI procedure. The headsets allow the patient to listen to music during the procedure and also provide the MRI technician with an easy method of communicating with the patient as the MRI procedure is quite noisy. Additional information about Newmatic Sound can be found at its website: http://www.newmaticsound.com/. Both Newmatic Sound and Magnacoustics sell MRI

---

[1] Evidentiary support for these facts is set forth in Declaration of Craig Stainbrook filed concurrently with, and in support of, this motion.

compatible headsets.  Additional information about Magnacoustics can be found at its website: http://www.mrimusic.com/.

On or about December 8, 2009, Lederer contacted Newmatic Sound directly and asserted that Newmatic Sound's headset products infringed the '844 patent.  On December 15, 2009, after carefully assessing the claims asserted by Lederer, Newmatic Sound counsel, attorney Craig Stainbrook, sent correspondence to Lederer denying the alleged infringement.  His letter included a detailed explanation as to why the asserted claims were not valid and why they did not read on Newmatic Sounds' products.

Stainbrook's letter contesting the merits of Lederer's allegations generated letters from two different law firms representing Wayne Lederer and Magnacoustics.  On December 17, 2009, Mark L. Manewitz sent correspondence to Stainbrook introducing himself as litigation counsel and demanding on behalf of Magnacoustics the immediate cessation of the infringing conduct by Newmatic Sound.  A second letter was sent the following day, on December 18, 2009, by Fish & Richardson.  This second letter advised that it was intellectual property counsel for Magnacoustics and expressly and unambiguously stated that Magnacoustics was the owner of United States Patent No. 7,609,844. Counsel for Magnacoustics rejected the analysis set forth by Stainbrook and, similar to the Manewitz letter, demanded on behalf of Magnacoustics that Newmatic Sound cease and desist from the manufacture and sale of its headset products.

Newmatic Sound Systems, after further assessing the letters from both Manewitz and Fish & Richardson, as well as assessing the merits of the claims, determined that a second letter to counsel for Magnacoustics was called for, and such a letter was prepared and sent on January 8, 2010. That letter, much as the first correspondence, included an even more detailed analysis of the patent at issue and the alleged infringing product. Concurrently, based on the threatening tone of the correspondence from counsel for Magnacoustics, Newmatic Sound Systems also recognized that a justiciable controversy existed and a declaratory relief action was appropriate.  Accordingly, the instant declaratory relief action was filed on January 11, 2010.

On January 22, 2010, after the instant action was initiated in this Court, Wayne Lederer filed an action against Newmatic Sound seeking affirmative relief for patent infringement and related

state-based tort claims. The action was filed in the Eastern District of New York and has been assigned Case No. 10-cv-0271-JS-AKT.[2]

On January 22, 2010, the same day Wayne Lederer filed his action in New York, the attorneys who represent Lederer filed the instant motion to dismiss this action on behalf of Magnacoustics. The motion is based on the failure to name Wayne Lederer, the alleged owner of the '844 patent, as a party to the action.

On February 11, 2010, Newmatic Sound filed its First Amended Complaint in this action as a matter of right. Among the changes to the originally filed complaint was the addition of Wayne Lederer as a named defendant in his asserted capacity as the owner of the '844 patent.

On February 12, 2010, Newmatic Sound filed a motion in the New York action requesting the court to dismiss, or in the alternative, to stay the New York action based on the first to file rule.

As discussed below, Newmatic Sound now respectfully requests that this Court deny Magnacoustics' motion to dismiss this action.

### III. LEGAL DISCUSSION

A. Newmatic Sound's First Amended Complaint Corrects the Issue Raised by Magnacoustics.

In its motion, Magnacoustics asserts that Wayne Lederer is the owner of the '844 patent and, as a result, the original complaint did not comply with Article III requirements by naming only Magnacoustics as a defendant. As noted above, Newmatic Sound has filed its First Amended Complaint as a matter of right. *See* FRCP 15(a). Accordingly, the issues raised by Magnacoustics' motion have been rendered moot and the Court should deny this motion.[3]

B. The Original Complaint Meets Article III Criteria for a Declaratory Relief Action.

The original complaint filed in this action seeks declaratory relief with regard to the '844 patent and names Magnacoustics as the sole defendant. As noted above, and as alleged in the complaint, Magnacoustics was named as the defendant based on the unequivocal representations by

---

[2] Pursuant to FRE 201, Newmatic Sound requests that the Court take judicial notice of the New York action as well as the original complaint and First Amended Complaint filed in this action.

[3] On February 13, 2010, counsel for Newmatic Sound sent and email to counsel for Magnacoustics asking whether an opposition to the motion was still needed in light of the First Amended Complaint. On February 16, 2010, counsel for Magnacoustics sent a reply email advising that Magnacoustics would not withdraw its motion.

the attorneys representing Wayne Lederer and Magnacoustics that Magnacoustics is the owner of the '844 patent. This representation that Magnacoustics is the owner of the patent was made not by one law firm but two separate law firms (one implicitly, and one expressly and unambiguously) which each sent letters to counsel for Newmatic Sound within a day of each other. Each of these letters created a case or controversy sufficient to meet Article III requirements under the Declaratory Judgment Act.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (citing 28 U.S.C. § 2201(a)). The phrase "case of actual controversy" in the Act refers to the type of "Cases" and "Controversies" that are justiciable under Article III. *Id*. at 126-127.

The case or controversy requirement has been summarized as follows: "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. at 127 (citation omitted). The Federal Circuit has also characterized the case or controversy threshold as requiring the plaintiff to have a reasonable apprehension of suit. *Id*. at 132 fn. 11.

None of the case law cited by Magnacoustics to support its motion arise under a declaratory relief action. Rather, the cases cited by Magnacoustics for a lack of Article III jurisdiction are all grounded in an action brought by the patent rights owner against the alleged infringer. Accordingly, the cases cited by Magnacoustics in support of its motion are not relevant to the analysis here. Rather, applying the legal standards for an appropriate action under the Declaratory Judgment Act, the original complaint met the necessary legal requirements for Article III standing.

Here, both Fish & Richardson and Mark Manewitz, in separate letters, dated one day apart, each represented that Magnacoustics is the owner of the '844 patent. Mr. Manewitz did so by threatening action on behalf of Magnacoustics for the alleged infringing activity. Fish & Richardson, in the second sentence of its letter, unequivocally states "Magnacoustics is the owner of United States

Patent No. 7,609,844 ("the '844 Patent"), . . . ."[4]  Those same letters then unequivocally reject the analysis of Newmatic Sound's patent counsel which explains why Newmatic Sound's products do not infringe the '844 Patent.  Both letters also expressly demand on behalf of Magnacoustics, without articulating any alternative informal resolution or invitation to further consideration, that Newmatic Sound immediately cease and desist from selling its headset products.  Certainly, at this point when the original complaint was filed, there was a justiciable controversy and an appropriate apprehension of suit by Magnacoustics.  That controversy and that apprehension is sufficient to create the Article III standing needed for an action under the Declaratory Judgment Act.  Because there was a sufficient case or controversy at the time the original action was filed, and that case and controversy was created by Magnacoustics, by and through two sets of its lawyers, the motion by Magnacoustics should be denied.

C. <u>If the Original Complaint is Deficient, Newmatic Sound Has a Right to Amend its Complaint to Join the Patent Owner.</u>

If the dispute created by Magnacoustics is not sufficient to create Article III standing in the original complaint, Newmatic Sound has the right to cure the issue by amending its complaint to name the newly identified patent owner.  The case law supports a wide-ranging policy to allow a plaintiff to add in the appropriate defendant.

In *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016 (Fed. Cir. 2001), the Federal Circuit addressed the lack of standing by the plaintiff when the case was on appeal after trial. The Court concluded that the plaintiff appellant did not have standing to bring the patent infringement suit because it was not the patent owner and not an exclusive licensee of substantially all rights in the patent.  Citing to FRCP 21, the Court also observed that the Federal Rules of Civil Procedure permit courts to drop or add parties "at any stage of the action and on such terms as are just." *Id*. at 1019.  Applying this legal standard, the Federal Circuit invited the plaintiff licensee to file a motion to include the patent owner as a party plaintiff.  *Id*.  In doing so, the Federal Circuit

---

[4] In the pending motion, Fish & Richardson recasts this unequivocal statement as a "suggestion" that Magnacoustics has "a right to collect past damages."  *See* Magnacoustics Motion 6:1.

allowed the plaintiff to correct its own lack of Article III standing even after the case had been tried to a verdict and was on appeal to the Federal Circuit.[5]

Similarly, in *Biagro Western Sales, Inc. v. Helena Chemical Co.*, 160 F.Supp.2d 1136 (E.D. CA 2001), the trial court concluded that the plaintiff lacked sufficient rights in the subject patent to have standing to assert an infringement claim without first joining the patent owner as the plaintiff. In assessing the legal standard for a motion to dismiss, the *Biagro* court noted that a motion to dismiss is a disfavored motion and rarely granted. *Id*. at 1140.  After fully assessing the need to bring in the patent owner as a party, and concluding it was necessary, the trial court provided the plaintiff licensee with thirty days in which to join the patent owner as a party to the action. *Id*. at 1149. Only if the patent owner was not joined in thirty days would the case be dismissed.

In the instant case, there remains a question as to who the patent owner is and, thus, who is the appropriate defendant in this declaratory relief action. Based on the communications from counsel for Wayne Lederer and Magnacoustics, it appears that one or the other is the owner of the patent, and it is also possible that Magnacoustics is the sole or exclusive licensee of the patent rights. Having named both of these parties as defendants in the First Amended Complaint, the remedy applied by the Eastern District of California has already been accomplished.

In *Paradise Creations Inc. v. UV Sales, Inc.*, 315 F.3d 1304 (Fed. Cir. 2003) cited by Magnacoustics in support of its motion, the court discusses the holding of *Mentor H/S* and distinguishes it from the facts in *Paradise Creations* by noting that the plaintiff in *Paradise Creations* "lacked a cognizable injury necessary to assert under Article III of the Constitution." *Id*. at 1310.  As noted several times above, this case presents a very different and distinct fact pattern which distinguishes it from cases such as *Paradise Creations*. First, this is a declaratory relief action and not an action brought by the patent rights holder. Moreover, Magnacoustics, the party bringing this motion expressly stated, by and through its attorneys, that it was the patent owner. It was only after this action was filed that Magnacoustics alerted Newmatic Sound that it was not the patent owner.

---

[5] Plaintiff did file the motion and the patent owner was added even after the matter was on appeal. See *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365 (Fed. Cir. 2001),

Curiously, rather than providing another letter from its attorneys correcting it errors, the only notice provided by Magnacoustics was through this motion.

The fact that this is a declaratory relief action is an important distinction. The cases cited by Magnacoustics which require the patent owner to have been the original plaintiff all arise where the lawsuit was initiated by the patent rights holder against the alleged infringer. In such a situation it is reasonable to expect that the licensee and patent owner know their respective rights and to be able to sort out among themselves who is the appropriate party to the action. In stark contrast, this is an action under the Declaratory Judgment Act. The action is not brought by the patent rights holder but by the person alleged to have infringed the patent. In this circumstance, the plaintiff is by its very nature limited to the information that has been supplied to it. It is perfectly reasonable for the party bringing a declaratory relief action to rely on the representations made by the patent holder and its licensee as to who owns the patent rights. Here, Fish & Richardson and Mark Manewitz are the attorneys for both Wayne Lederer and Magnacoustics. It is appropriate for Newmatic Sound to file a declaratory judgment action which names the patent owner identified by the attorneys for these parties. Accordingly, neither Wayne Lederer nor Magnacoustics should be heard to complain based on Newmatic Sound's reliance on their representations.[6]

Furthermore, public policy and equity (e.g. the doctrines of estoppel and unclean hands) also support the conclusion that Magnacoustics' motion should be denied. If the Court were to grant Magnacoustics' motion it would reward a patentee for misrepresenting to the alleged infringer (either intentionally or unintentionally) that the owner of the patent is actually a different person. Were this to become a practice, to avoid a declaratory relief action, a patent owner would only need to have an attorney send a letter misstating the identity of the patent owner. Then, if a declaratory relief action were filed, the patentee could easily dispose of the case simply by asserting that the proper patent owner had not been named. Or, in the alternative, the Court would effectively be requiring that an

---

[6] In its reply, Magnacoustics may rely on the fact that the records of the U.S. Patent Office show the owner of the patent to be Wayne Lederer. However, it is common for closely related parties such as Magnacoustics and Lederer to transfer patent rights without recording the transfer with U.S. Patent Office. The requirement of 35 USC §281 is that the patentee bring the action. The requirement is not tied to the status of the U.S. Patent Office records. Moreover, the recordation of the transfer is for the benefit of the new patentee to protect against future good faith purchases of the patent for valuable consideration. See 35 USC §261.

alleged infringer must name in an original complaint parties who it has been expressly told are not the owner of the patent.  The end result of that practice would be Rule 11 motions for naming a party as a defendant after being told it was not the owner of the patent.  From both sides of the equation, granting this motion would create a caustic environment subject to abuse and vulnerable to considerable mischief.

Finally, it should be noted that if the Court were to grant the motion, it would significantly prejudice Newmatic Sound.  As noted above, Wayne Lederer has filed an action for patent infringement and liability for state law business torts in a complaint filed in the Eastern District of New York.  If this action were to be dismissed, Mr. Lederer would presumably assert that his action in New York has priority under the first to file rule over any declaratory relief subsequently filed by Newmatic Sound.[7]

## IV. CONCLUSION

For all of the foregoing reasons, Newmatic Sound respectfully requests that the Court deny Magnacoustics' motion to dismiss.

DATED: February 17, 2010                    Respectfully submitted,

By   /s/ Warren L. Dranit
    Warren L. Dranit
    Karin P. Beam
    **SPAULDING MCCULLOUGH & TANSIL, LLP**
    90 South E Street, Suite 200
    Santa Rosa, CA 95404
    707.524.1900 phone
    707.524.1906 fax

    Craig M. Stainbrook
    **STAINBROOK & STAINBROOK, LLP**
    412 Aviation Blvd., Suite H
    Santa Rosa, CA 95403
    707.578.9333 phone
    707.578.3133 fax

    Attorneys for Plaintiff
    NEWMATIC SOUND SYSTEMS, INC.

---

[7] This concern, of course, assumes that the Eastern District of New York has not previously dismissed the action based on the first to file rule being applied.  Newmatic Sound has filed a motion in the New York court seeking dismissal, or in the alternative, to stay the action.  Accordingly, it is also possible that the Court will have stayed the action rather than having dismissed it.