IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NEWMATIC SOUND SYSTEMS, INC.,

    Plaintiff,

v.

MAGNACOUSTICS, INC., WAYNE FEDERER and DOES 1-10,

    Defendants.

No. C 10-00129 JSW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Now before the Court for consideration is the motion to dismiss the first amended complaint filed by Defendant Magnacoustics, Inc. ("Magnacoustics") and Wayne Federer ("Federer") (collectively, "Defendants"). The Court finds the matter suitable for disposition without oral argument and therefore VACATES the hearing set for April 30, 2010. *See* N.D. Civ. L-R 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction.

**BACKGROUND**

On January 11, 2010, Plaintiff Newmatic Sound Systems, Inc. ("Plaintiff") filed the original complaint in this action, a declaratory relief action seeking a declaration of non-infringement, invalidity, and unenforceability of United States Patent No.7,609,844, entitled "Noise Attenuated Headset" ("the '844 Patent"). The '844 Patent relates to headsets that allow patients to hear instructions from an MRI technologist as well as sounds or music from other

1  sources while they are undergoing an MRI examination.

2  Following the filing of a motion to dismiss based on lack of standing, on February 11,
3  2010, Newmatic filed its first amended complaint, in which it added the individual, Wayne
4  Federer as a defendant. The uncontested facts indicate that Federer is named as the only
5  inventor and owner of the '844 Patent.

6  The Court shall address additional facts as necessary in the remainder of this Order.

**ANALYSIS**

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*,

912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     Standing Defect Mandates Dismissal.**

Defendants argue that the Court must dismiss this declaratory judgment claim because Plaintiff failed to name Federer, the actual patent owner at the inception of the lawsuit. Accordingly, the Court must address the scope of its jurisdiction over a declaratory relief action originally filed against a party that has no ownership of the subject patent. The Court must determine (1) whether, in the absence of the correct party named as defendant, the action presents an Article III case or controversy and (2) whether subsequent amendment to the complaint may cure the original defect in standing.

**1.     Standing Under the Declaratory Judgment Act.**

The Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201.

However, the Declaratory Judgment Act does not confer an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72 (1950). Rather, it provides a remedy available only if the court otherwise has jurisdiction. *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008) (citations omitted). Such jurisdiction is limited by Article III, Section 2 of the United States Constitution which restricts the scope of subject matter jurisdiction of the federal courts to lawsuits that present a case or controversy. *See, e.g., Samsung Elecs. Co. v. Rambus, Inc.*, 523 F.3d 1374, 1378 (Fed. Cir. 2008). Thus, as long as the suit meets the case or controversy requirement, a district court may exercise its jurisdiction over a declaratory relief action. *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1340 (Fed. Cir. 2007).

The proper test for subject matter jurisdiction in a declaratory relief action is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to

3

warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). Accordingly, in order for there to exist a case or controversy under Article III, "the dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' 'real and substantial,' and 'admi[t] of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1335-36 (Fed. Cir. 2008) (quoting *MedImmune*, 549 U.S. at 126).

In the area of patent infringement, in order for the court to exercise subject matter jurisdiction over any controversy, only the patentee (and those holding exclusive licenses) have standing to adjudicate their rights under the patent. *See, e.g.,* 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent."); *see also Crown Die Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24, 44 (1923) ("Both at law and in equity, either the owner of the patent at the time of the past infringement, or the subsequent owner of the patent who is at the same time the assignee of the claims for past infringement, must be a party to a suit for damages for the past infringement."); *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) (holding that standing to sue in patent infringement cases extends to exclusive licensees as well). Because only a patentee may bring an action for patent infringement, failure to join the patent owner in an infringement action mandates dismissal of the case for lack of standing. *See Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001) (holding that plaintiff did not have standing to bring patent infringement claim without joining the patent owner).

In the ordinary case not seeking declaratory relief, where the plaintiff is the patent holder, the Federal Circuit has held that "if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citing *Paradise Creations, Inc. v. U V Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003)). In a case brought as a declaratory relief claim, a district court must dismiss the complaint where the party sued is neither the patent owner or the exclusive licensee

4

of the patent owner. *See Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1091 (Fed. Cir. 1998) (dismissing case where "controversy began ..., when [the accused infringer as plaintiff] brought an action for declaratory judgment against [defendant], seeking a judgment of patent invalidity and noninfringement ....")

### 2. Standing Required at Inception of Lawsuit.

While it is clear that Plaintiff lacked standing to assert the claims in its original complaint which failed to name the actual owner of the patent, the Court must address whether the addition of the individual owner of the patent in Plaintiff's amended complaint rectifies the standing issue. The *Enzo* court held, in the context of a declaratory relief action, that "[h]aving found [defendant] to be without standing ..., it follows that the court lacks jurisdiction over [plaintiff's] declaratory judgment claims." *Id.* at 1094. Further, "[t]he burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory judgment was filed and that it has continued since." *Benetic Austl. Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *see also Int'l Med. Prosthetics Research Assocs., Inc. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 575 (Fed. Cir. 1986) ("[J]urisdiction over [] a declaratory judgment action [must have] existed at, and has continued since, the time the complaint was filed."). "Jurisdiction over a declaratory judgment action must be present 'at all stages of review, not merely at the time the complaint is filed.'" *Janssen Pharmaceutica, N.V. v. Apotex, Inc.*, 540 F.3d 1353, 1360 (Fed. Cir. 2008) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)).

Thus, in order to bring a declaratory judgment action involving patent rights, the Federal Circuit requires that the plaintiff name a defendant whose ownership rights in the patent would give it sufficient standing to sue for infringement under its own name. Additionally, the plaintiff must have standing to sue the defendant at the inception of the lawsuit. Therefore, the amendment to add Federer in the amended complaint cannot cure this jurisdictional defect. *See Schreiber Foods*, 402 F.3d at 1203; *see also Enzo*, 134 F.3d at 1093-94.

Because Plaintiff, in its original complaint, named only Magnacoustics, the company run by Federer but without ownership rights in the '844 Patent, it lacks standing to sue at

inception and the Court must dismiss.  The Court is cognizant that Plaintiff originally sued only Magnacoustics based on the representation from Defendants' counsel that the company, and not Federer, owned the patent at issue.  Regardless of the equity, the Court finds that it is compelled to dismiss for lack of subject matter jurisdiction.  Further, the Court notes that, having reviewed the record fully, it finds Federer is a necessary party over which this Court lacks personal jurisdiction.  Therefore, notwithstanding its dismissal based on standing, the Court would necessarily have to dismiss based on lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss without leave to amend for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:   April 23, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE